UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARQUIS RESHAD THOMPSON,

    Plaintiff,

v.                                      Case No. 5:23-cv-221-MCR-MJF

TOMMY FORD, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a pretrial detainee confined at the Bay County Jail, initiated this action on August 9, 2023, by filing a civil rights complaint under 42 U.S.C. § 1983. Doc. 1.

    On August 17, 2023, the undersigned ordered Plaintiff to pay the $402.00 filing and administrative fees, or file a complete application for leave to proceed *in forma pauperis*. Doc. 3. The order notified Plaintiff that a complete application for leave to proceed *in forma pauperis* includes a motion with supporting affidavit, a prisoner consent form and a financial certificate with attachments (a printout of the transactions in Plaintiff's inmate trust account for the six-month period immediately

Page 1 of 4

preceding the filing of his complaint). Doc. 3 at 1-2 (citing 28 U.S.C. § 1915(a)). The order set a compliance deadline of September 18, 2023, and warned Plaintiff that failure to comply with the order likely would result in this case being dismissed. *Id*. at 4.

Plaintiff responded by filing an application for leave to proceed *in forma pauperis*. Doc. 4. Plaintiff, however, did not include the required six-month account printout.

Accordingly, on September 27, 2023, the undersigned ordered Plaintiff to show cause why this case should not be dismissed for failure to pay the filing fee or properly seek leave to proceed *in forma pauperis*, and for failure to comply with the order dated August 17, 2023. Doc. 5. The show-cause order required Plaintiff to include with his response a payment in the amount of $402.00, or a printout of transactions in his inmate trust account for the period February 9, 2023, through August 9, 2023. *Id*. at 2. The undersigned set a compliance deadline of October 11, 2023, and warned Plaintiff that failure to comply with the order likely would result in this case being dismissed. *Id*. at 2-3.

To date, Plaintiff has not complied with the orders dated August 17, 2023, and September 27, 2023.

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to comply with court orders.[1]

2. The clerk of court close this case file.

At Pensacola, Florida, this 26th day of October, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** ***See*** **N.D. Fla. Loc. R. 72.2;** ***see also*** **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other**

---

[1] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").

**parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**